IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES R. WEBB, JR.                                                                        PETITIONER

VS.                                                         CIVIL ACTION NO.  3:23cv96-DPJ-FKB

STATE OF MISSISSIPPI                                                                        RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Charles R. Webb, Jr.  Presently before the Court are Petitioner's Motion for Dismissal of Charges and Appointment of Counsel [9], as well as Respondent's Motion to Dismiss [13]. Webb has not responded to the Motion to Dismiss [13].

At the time he filed his petition, Webb was a pretrial detainee being held at the Lauderdale County Detention Center in Meridian, Mississippi, on state criminal charges of arson, grand larceny, and commercial burglary.  [1] at 1.  In his petition, Webb alleges that he has been detained over 19 months without a trial date.  *Id.*  He alleges violations of his right to a speedy trial, a preliminary hearing on his charges, and court-appointed counsel.  *Id.* at 6-8.  In his motion [9], he acknowledges that he was released from custody in March 2023.  Even so, he asks for dismissal of all charges against him because the Lauderdale County court system has allegedly violated his constitutional rights, including his right to a speedy trial.

A case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). After Webb filed this petition challenging his detention, he was released from the custody of the Lauderdale County Detention Center.  Accordingly, this petition should be dismissed on that basis.

Moreover, the undersigned recommends that the Court deny Webb's motion for additional reasons. Webb asks this Court to dismiss all charges based on the violation of his right to a speedy trial. *See* [9]. A state court prisoner may raise a speedy trial claim under § 2241 in an effort to force the state to bring him to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, if a petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes," which is not normally allowed through federal habeas corpus. *Braden*, 410 U.S. at 490. Thus, relief under § 2241 is not available where, as in the present case, the petitioner seeks dismissal of state criminal charges based upon an affirmative defense, such as a violation of speedy trial. *Brown*, 530 F.2d at 1283.

Furthermore, it appears that Webb has not exhausted his state court remedies as to any of his claims. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). Although he asserts that he filed a grievance concerning his claims at the Lauderdale County Detention Center, he admits that he has not sought relief in the state court system. [1] at 3. Therefore, this Court may not entertain his petition for relief.

As for Webb's request for appointment of counsel, the undersigned recommends that it be denied. By Petitioner's own admission, the state court system has not denied his right to court-appointed counsel in his criminal proceedings. [1] at 8. And Webb has failed to show that the "interests of justice" require the appointment of counsel in this action. *See Valenzuela v. Morris*, 245 F. App'x 397, 398 (5th Cir. 2007)(citing *Schwander v. Blackburn*, 750 F.2d 494,

2

502 (5th Cir. 1985)); *see also Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004)(citing *McFarland v. Scott*, 512 U.S. 849, 857 n.3 (1994))("[A] petitioner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding."). The issues presented in his petition are not particularly complex, and his *pro s*e filings adequately present the issues and pertinent facts. *See Schwander*, 750 F.2d at 502.

For these reasons, the undersigned recommends that Respondent's motion [13] be granted, Webb's motion [9] be denied, and the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of December, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).